FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2011 MAR -8  PM 4: 36

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| FRACO USA, INC. f/k/a<br>FRACO PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY AND AMERICAN GUARANTEE<br>AND LIABILITY INSURANCE COMPANY<br>Defendants, | § SA11CA0196 XR<br>§ CIVIL ACTION NO. _____ |

**FRACO USA, INC. f/k/a FRACO PRODUCTS, INC.'S ORIGINAL COMPLAINT**

To the Honorable United States District Court:

FRACO USA, Inc. f/k/a FRACO Products, Inc. (FRACO USA) files this Original Complaint

against Zurich American Insurance Company (Zurich) and American Guarantee and Liability

Insurance Company  and respectfully shows the Court:

Parties

1.      FRACO USA, Inc. f/k/a FRACO Products, Inc. (FRACO USA) is a corporation duly

organized and existing under and by virtue of the laws of Georgia.  FRACO USA has its principal

place of business in Baltimore, Maryland.

2.      Zurich American Insurance Company is a foreign corporation organized under the laws of

the state of Florida.  Zurich American Insurance Company does not have a registered agent in the

State of Texas. Accordingly, Zurich American Insurance Company may be served with this Original

Complaint by serving any managing agent or officer for Zurich American Insurance Company at:

1400 American Lane, Schaumberg, Illinois 60196-1056.

3.     American Guarantee and Liability Insurance Company is a foreign corporation organized under the laws of the state of Florida whose address is 1400 American Lane, Schaumberg, Illinois 60196-5452. American Guarantee and Liability Insurance Company is authorized to do business in the State of Texas and has designated a registered agent for service of process: Corporate Service Company, 211 E. 7th Street, #620, Austin, Texas 78701-3218.

Jurisdiction

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that these claims are between citizens or subjects of different states and the amount in controversy exceeds $75,000.00 exclusive of costs, interest and attorney's fees.

Specifically:

(a)     Plaintiff FRACO USA is a citizen of Georgia and Maryland, the states where it is incorporated and has its principal place business, respectively;

(b)     Defendant Zurich American is a citizen of one of the United States because it was created under Florida law and has its principal place of business in the state of Illinois;

(c)     Defendant American Guarantee and Liability Insurance Company is a citizen of one of the United States because it was created under Florida law and, upon information and belief has its principal place of business in the state of Florida or Illinois; and,

(d)     the amount in controversy, exclusive of costs and interest exceeds $75,000.

5.     This Court has personal jurisdiction over Zurich American and American Guarantee and Liability Insurance Company under both general and specific jurisdictional analysis because they actively and consistently engage in business within the United States and within the State of Texas, and the claims upon which this claim arise occurred in the State of Texas and arise out of Zurich

(#332698)

American's and American Guarantee and Liability Insurance Company's continuous and systematic business contacts with the State of Texas and specifically, their sale of insurance policies to F. L. Crane & Sons, Inc. (FL Crane) that apply to FL Crane's operations within the State of Texas.

Venue

6.    Venue is proper in the Western District of Texas in that the events upon which these claims are based occurred in the Western District of Texas.  Specifically, Zurich American and American Guarantee and Liability Insurance Company provided insurance to FL Crane under policies of insurance.  This insurance coverage was applicable to FL Crane's operations regardless of location. The insurance coverage that Zurich American and American Guarantee and Liability Insurance Company provided to FL Crane extends to and includes all parties to whom FL Crane is obligated to provide insurance coverage under any written agreement or contract.  After obtaining insurance coverage from Zurich American and American Guarantee and Liability Insurance Company, FL Crane then engaged in the construction business in the Western District of Texas.  During FL Crane's work on a construction project located in Round Rock, Texas which is located in the Western District of Texas, two FL Crane employees were fatally injured while using a piece of construction equipment sold by FRACO USA.  The terms of the agreement pursuant to which FRACO USA sold the construction equipment to FL Crane required FL Crane to obtain liability insurance for its use of the equipment that listed FRACO USA as an insured. FRACO USA's claims against Zurich American and American Guarantee and Liability Insurance Company in this suit are based on the Zurich American and American Guarantee and Liability Insurance Company insurance policies issued to FL Crane that covers all persons or entities with whom FL Crane has an agreement to provide insurance coverage. The American Guarantee and Liability Insurance Company umbrella

(#332698)
Page 3

policy is excess insurance over the primary Zurich American policy. FRACO USA seeks a determination that FRACO USA is an insured and/or additional insured under the Zurich American policy issued to FL Crane and the American Guarantee and Liability Insurance Company umbrella policy and is entitled to a defense by Zurich American and American Guarantee and Liability Insurance Company for the claims and losses arising out of the accident at the FL Crane construction site in Round Rock, Texas.

7.      Venue is appropriate in the San Antonio Division of the Western District of Texas because if venue is appropriate in a particular district, suit may be filed in any division within that district.

Summary of the Claims

8.      FRACO Products, Ltd., a Canadian corporation is a manufacturer of equipment used in the building and construction industry known as "mast climbing work platforms". FRACO's products are commonly referred to using the generic term: "scaffolds". FRACO USA, a wholly owned subsidiary of FRACO Products, Ltd. sold two FRSM 3000 model mast climbing work platforms to FL Crane in April, 2005. The sales agreement for the FRACO USA sale to FL Crane includes a provision that requires FL Crane to indemnify FRACO USA from all loss or claims for damage caused by the equipment as well as a provision that required FL Crane to obtain liability insurance listing FRACO USA as an insured. FL Crane obtained insurance from Zurich American and American Guarantee and Liability Insurance Company to provide liability coverage with respect to its business activities. FL Crane utilized the mast climbing work platforms at various construction projects in the State of Texas. In July 2007, one of the FL Crane purchased mast climbing work platforms was involved in an accident at a construction site in Round Rock, Texas in which two FL Crane employees were fatally injured. Suit has been filed in Texas state court against FRACO USA

(and others) by the decedents' heirs. FRACO USA seeks a declaratory judgment that it is an insured and/or omnibus insured and/or additional insured under the terms of the Zurich American policy and American Guarantee and Liability Insurance Company policy issued to FL Crane and is entitled to a defense from Zurich American and American Guarantee and Liability Insurance Company for any and all losses that may arise out of the claims asserted by the heirs of the two deceased FL Crane employees.

Background Facts

9.      In April, 2005, FRACO USA entered into an agreement with FL Crane pursuant to which FL Crane purchased two (2) FRACO Products, Ltd. manufactured FRSM 3000 model mast climbing work platforms from FRACO USA.

10.     FL Crane's purchase of the two (2) FRACO FRSM 3000 model mast climbing work platforms from FRACO USA is reflected by a written Sales Contract dated April 7, 2005 (the Sales Agreement).

11.     The Sales Agreement is signed by Robert Burleson on behalf of FL Crane, the Customer (Buyer).  Robert Burleson was duly authorized to enter into the Sales Agreement by FL Crane.

12.     The Sales Agreement between FRACO USA and FL Crane contains a number of terms and conditions on page 3 that govern the parties' respective rights and responsibilities.

13.     The Sales Agreement states in relevant part on page 3:

**Transfer of Risks and Insurance** - The BUYER [FL Crane] hereby assumes entire risk of loss to the equipment upon its reception.  The BUYER assumes all risks and obligations of an absolute owner and commits to indemnify and guarantee the SELLER [FRACO USA] for all loss or claims for damage caused to or by the Equipment.

Consequently, the BUYER, at its own expense, must insure the whole of the Equipment described in this Agreement against usual risks such as fire, theft and multiple risks, and, for lack of which the SELLER may insure the Equipment and the BUYER will have to pay the premium.

The BUYER also commits to take out and maintain for the entire length of this Agreement, at its own expense, property damage and liability insurance for the use of the Equipment and taken out with a recognized insurance company.

In all cases, the insurance certificate must designate the SELLER and the BUYER as insured, and the SELLER as the beneficiary.

The BUYER must supply the SELLER with proof of insurance upon demand.

**Indemnification by the BUYER** - The BUYER does not hold the SELLER responsible for loss, claims, fees, expenses, damage-interest, suits and responsibilities, injuries, death, including judicial fees, related to this Agreement, the Equipment, the acquisition, ownership, the use as well as the exploitation of the Equipment or arising from such.   This indemnification will survive the expiration of the Agreement.

.....

14.      FL Crane then used the FRACO Products, Ltd. FRSM 3000 mast climbing work platforms on various projects, including a project that involved the construction of a building for the Seton Hospital located in Round Rock, Texas (the Seton Hospital Project).  On or about July 28, 2007 during the construction of the Seton Hospital Project, two FL Crane employees: Eloy Luna (Luna) and Mario Mujica (Mujica) suffered fatal injuries while they were using one of the FRSM 3000 mast climbing work platforms.

(#332698)                                        Page 6

15.    Suit was filed in 2008 against FRACO Products, Ltd. (and others) by the various surviving spouses and heirs of the two deceased FL Crane employees seeking damages arising out of the two mens' deaths.  The case is pending as: *Villafuerte, et al., Anguiano, et al. v. FRACO Products, Ltd. et. al.*, Cause No. 2008-52409, in the 215th District Court, Harris County, Texas.   The Intervenors then filed an amended petition and named FRACO USA as an additional defendant.  Plaintiffs and Intervenors in that lawsuit specifically allege that the injuries suffered by the deceased FL Crane employees Luna and Mujica, and the resulting damages, resulted from the use of the FRACO FRSM 3000 mast climbing work platform equipment that FL Crane purchased from FRACO USA and specifically due to the alleged failures of FRACO USA.

16.    Zurich North America issued Commercial General Liability Policy No. GLO 8311556-06 to its named insured F.L. Crane & Sons, Inc., Spring Street, P.O. Box 428, Fulton, MS 38843.  The policy coverage term began March 1, 2007, and ended March 1, 2008 (the Zurich American Policy). The Zurich American Policy provides a $1 Million each occurrence limit.  The Zurich American Policy includes an Additional Insured - Automatic - Owners, Lessees or Contractors - Broad Form Endorsement.

17.    The Zurich American Policy Additional Insured Endorsement U-GL-1175-A CW (9/03) (the Endorsement) defines an insured to include "any person or organization whom you [F.L. Crane] are required to add as an additional insured on this policy under a written contract or written agreement".

18.    The American Guarantee and Liability Insurance Company umbrella policy AUC 5918990 01 provides Excess Follow Form Liability Insurance above the Zurich primary insurance policy.

19.    FL Crane was required to add FRACO USA as an additional insured to FL Crane's policy of insurance under the terms of the written Sales Agreement, a contract/agreement between FL Crane

(#332698)                                    Page 7

and FRACO USA, pursuant to which FL Crane purchased the mast climbing work platforms from FRACO USA.

20.     FRACO USA, through its counsel, submitted a request dated February 22, 2011 to Zurich American requesting defense, indemnity and additional insured status/coverage for FRACO USA with respect to the claims asserted against FRACO USA in the case styled: *Villafuerte, et al., Anguiano, et al. v. FRACO Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas.

21.     Zurich American has not responded to FRACO USA's demand as of the date of the filing of this Complaint.

Request for Declaratory Judgment

22.     FRACO USA incorporates by reference Paragraphs 1 through 21 as though fully set forth at length herein.

23.     As required by the provisions of Federal Rule of Civil Procedure 57 and 28 USC § 2201 and 2202, an actual case or controversy exists as to the rights and status between Plaintiff FRACO USA and the Defendants Zurich American and American Guarantee and Liability Insurance Company. This dispute includes whether FRACO USA is owed a defense under the insurance issued by the Zurich American Policy (Commercial General Liability Policy No. GLO 8311556-06 issued to FL Crane); under the terms of the Endorsement (Zurich American Policy Additional Insured Endorsement U-GL-1175-A CW (9/03)); by the American Guarantee and Liability Insurance Company commercial umbrella liability policy AVC 5918990 01; and, whether, Zurich American and American Guarantee and Liability Insurance Company are therefore obligated to defend FRACO USA from all loss or claims for damage in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO*

*Products, Ltd. et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas.

24.    FRACO USA requests that the Court enter a declaratory judgment in accordance with Federal

Rule of Civil Procedure 57 and  28 USC § 2201 and 2202 that FRACO USA is owed a defense as an

"additional insured" under the terms of the Zurich America Policy (Commercial General Liability

Policy No. GLO 8311556-06 issued to FL Crane) pursuant to the terms of the Endorsement (Zurich

American Policy Additional Insured Endorsement U-GL-1175-A CW (9/03)) and, therefore, Zurich

American and American Guarantee and Liability Insurance Company are obligated to defend FRACO

USA from all loss or claims for damage in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO*

*Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas.

<u>Breach of Contract</u>

25.    FRACO USA incorporates by reference Paragraphs 1 through 21 as though fully set forth at

length herein.

26.    FRACO USA was an organization whom FL Crane was required to add as an additional

insured  under the terms of a written contract or written agreement.

27.    Accordingly, FRACO USA is either an insured, an additional insured or is an intended third

party beneficiary under the terms of the Zurich American Policy (Commercial General Liability

Policy No. GLO 8311556-06 issued to FL Crane) pursuant to the terms of the Endorsement (Zurich

American Policy Additional Insured Endorsement U-GL-1175-A CW (9/03)).  Zurich American

specifically intended to provide a defense to "any person or organization whom you [F.L. Crane] are

required to add as an additional insured on this policy under a written contract or written agreement"

even if the identity of those persons or organizations were not known at the time the Zurich American

Policy was issued.

28.    Zurich American's and American Guarantee and Liability Insurance Company's failure and refusal to defend FRACO USA from all loss or claims for damage in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas constitutes a breach of contract.

29.    As a result of Zurich American's and American Guarantee and Liability Insurance Company's failure to comply with their contractual obligations as set out in the Zurich American Policy to defend FRACO USA against any loss or claim for damages in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas, FRACO USA has incurred damages, and may be subject to additional losses and damages, for which Zurich American and American Guarantee and Liability Insurance Company are liable.

Attorney's Fees

30.    FRACO USA incorporates by reference Paragraphs 1 through 21 as though fully set forth at length herein.

31.    As a result of Zurich American's and American Guarantee and Liability Insurance Company failure and refusal to comply with their contractual obligations to defend FRACO USA against any loss or claim for damages in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris County, Texas, FRACO USA has been forced to retain the undersigned attorneys to pursue this claim.  Accordingly, FRACO USA is entitled to recover its reasonable and necessary attorney's fees pursuant to the provisions of the Texas Civil Practices and Remedies Code § 38.001 from Zurich American and American Guarantee and Liability Insurance Company.

Demand for Jury

32.     Plaintiff FRACO USA hereby demands a trial by jury on all issues that are triable to a jury

in accordance with Fed. R. Civ. P. 38.

Conclusion and Prayer for Relief

Wherefore, premises considered, FRACO USA, Inc., respectfully requests that the Defendants

Zurich American Insurance Company and American Guarantee and Liability Insurance Company be

cited to appear and answer herein and, upon final hearing or trial, Plaintiff FRACO USA, Inc. be

granted the following relief:

1.     The Court enter a Declaratory Judgment that FRACO USA, Inc. is an insured,

omnibus insured and/or "additional insured" and/or intended third party beneficiary

under the terms of the Zurich American Policy (Commercial General Liability Policy

No. GLO 8311556-06 issued to FL Crane) pursuant to the terms of the Endorsement

(Zurich American Policy Additional Insured Endorsement U-GL-1175-A CW (9/03))

and is an insured, omnibus insured and/or "additional insured" and/or intended third

party beneficiary under the terms of the AGLC Commercial Umbrella Liability policy

AUC 591899001 and, therefore, Zurich American and American Guarantee and

Liability Insurance Company are obligated to defend FRACO USA from all loss or

claims for damage in the suit styled: *Villafuerte, et al., Anguiano, et al. v. FRACO

Products, Ltd., et. al.*, Cause No. 2008-52409, pending in the 215th District Court, Harris

County, Texas;

2.     The Court enter Judgment in favor of FRACO USA, Inc. and against Defendants

Zurich American Insurance Company and American Guarantee and Liability

(#332698)                              Page 11

Insurance Company, jointly and severally, and awarding Plaintiff FRACO USA, Inc.

its:

a.     actual damages;

b.     all reasonable and necessary attorney's fees;

c.     costs of court;

d.     pre-judgment interest at the highest rate permitted by law;

e.     post-judgment interest at the highest rate permitted by law;

together with such other and further relief to which it is justly entitled or, the Court deems proper at

law or in equity.

Respectfully submitted,

RAY, VALDEZ, McCHRISTIAN, JEANS, P.C.
A Professional Corporation
North Frost Center
1250 NE Loop 410, Ste. 700
San Antonio, Texas 78209
(210)341-3554
(210)341-3557 (FAX)

By:_____
         William L. Powers
         State Bar No. 16218920
         H. L. Buddy Socks
         State Bar No. 18819800
         Jeff Ray
         State Bar No. 16604400

Attorneys for Plaintiff
FRACO USA, Inc. f/k/a FRACO Products, Inc.